UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 05 1893**

------------------------------------------------------------------X

ANETA KWIATKOWSKI,

COMPLAINT AND
JURY DEMAND

*KORMAN, CH. J.*

Plaintiff,

-against-

THE CITY OF NEW YORK; POLICE DEPARTMENT
CITY OF NEW YORK; RAYMOND W. KELLY, Police
Commissioner; GEORGE A. GRASSO, First Deputy Commissioner;
NELDRA M. ZEIGLER, Deputy Commissioner Office of Equal
Employment Opportunity; THOMAS V. DALE, Assistant Chief,
Commanding Officer, Patrol Borough Queens South; EDWARD
MULLINS, Deputy Inspector, Commanding Officer, 113th Precinct;
JOHN E. ESSIG, Deputy Inspector, Commanding Officer, Narcotics
Borough Queens, Former Commanding Officer, 113th Precinct;
JOHN DORST, Sergeant, 113th Precinct, each individually
and in their official capacity as employees of the Police Department
City of New York,

*POHORELSKY, M.J*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

APR 19 2005

★ BROOKLYN OFFICE ★

Defendants.

------------------------------------------------------------------X

The plaintiff, ANETA KWIATKOWSKI, by her attorneys, Jeffrey L. Goldberg, P.C., as

and for her complaint against defendants, THE CITY OF NEW YORK; POLICE DEPARTMENT

CITY OF NEW YORK; RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M.

ZEIGLER; THOMAS V. DALE; EDWARD MULLINS; JOHN E. ESSIG and JOHN DORST,

respectfully set forth and allege that:

## INTRODUCTION

1.      This is an action for equitable relief and money damages on behalf of the plaintiff,

ANETA KWIATKOWSKI, (hereinafter referred to as "plaintiff") who was, and who is

prospectively deprived of her Constitutional and Statutory rights as a result of the defendant's

policies and practices of gender bias, sexual harassment and retaliation against its female officers in

1

the terms and conditions of their employment.  Said policy was implemented under color of law.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

(a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of race, color, religion, sex and national origin;

(b) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a), making it unlawful to retaliate against an employee, because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter;

(c) the first, fourth, fifth, ninth, thirteenth and fourteenth amendments to the United States Constitution providing for the rights of all persons within the jurisdiction of the United States to enjoy freedom of speech, movement, association and assembly, to petition their governments for redress of their grievances, to be secure in their persons, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, the Civil Rights Act of 1866, 42 U.S.C. § 1981; and the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985 (3) and 1986, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

(d) the common law of the State of New York providing for damages to persons subjected to the intentional infliction of emotional distress or to intentional interference with employment contracts.

2

3.      The unlawful employment practices, violations of plaintiff's civil rights and tortuous acts complained of herein were committed within the Eastern and Southern Districts of New York.

4.      The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296, and New York City Administrative Code §§ 8-107 and 8-502, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

5.      Plaintiff ANETA KWIATKOWSKI (hereinafter referred to as the "plaintiff") is a female citizen of the United States of America and is over twenty-one (21) years of age, a resident of the county of Queens and the State of New York and is an employee of defendant CITY and more specifically the POLICE DEPARTMENT CITY OF NEW YORK (hereinafter referred to as the "NYPD").

## DEFENDANTS

6.      Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the City of New York including the 113th Precinct, in the county of Queens, at which facility the plaintiff is employed by defendants.

7.      Defendant CITY is an employer within the definitions contained in 42 U.S.C. § 2000e (a) and (b), as amended in 1972, employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8.      Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE; EDWARD MULLINS; JOHN E. ESSIG and JOHN DORST, are citizens of the United States and residents of the State of New York who were employed by defendant NYPD in the following capacities: RAYMOND W. KELLY, as Police Commissioner; GEORGE A. GRASSO, as First Deputy Commissioner; NELDRA M. ZEIGLER, as Deputy Commissioner Office of Equal Employment Opportunity; THOMAS V. DALE, as Assistant Chief, Commanding Officer, Patrol Borough Queens South; EDWARD MULLINS, as Deputy Inspector, Commanding Officer, 113th Precinct; JOHN E. ESSIG, as Deputy Inspector, Commanding Officer, Narcotics Borough Queens, Former Commanding Officer, 113th Precinct; and JOHN DORST, as Sergeant, 113th Precinct.

## PROCEDURAL REQUIREMENTS

9.      On or about December 29, 2004, plaintiff filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") alleging employment discrimination by members and/or agents of defendant NYPD.

10.     On or about February 8, 2005, the EEOC sent a letter to plaintiff notifying her that they were unable to conclude that her allegations established any violations of the Title VII statutes.

11.     On or about February 10, 2004, plaintiff received her "Notice of Right to Sue" letter from the EEOC.

12.     Plaintiff complied therewith by filing suit with this Court within the limitations period.

13.     Plaintiff is not required to exhaust any administrative procedures prior to suit under the United States Constitution, the Civil Rights Act of 1866, or the Civil Rights Act of 1871.

## BACKGROUND

4

14.     In or around April 2001, defendant JOHN DORST did touch plaintiff's leg in an inappropriate and sexual manner while in a Department vehicle.  Police Officers Giambrone, Pelliccia and Burns who were present did witness such conduct by defendant JOHN DORST.  Upon information and belief, defendant JOHN DORST has a long history of discriminatory behavior towards employees of defendant NYPD.

15.     In or around October 2001, while assigned to a Detail in Downtown Manhattan, plaintiff was present and alone with defendant JOHN DORST in a Department vehicle, defendant JOHN DORST tried to inappropriately kiss the plaintiff against her will.

16.     In or around January 2003, defendant JOHN DORST would discuss plaintiff's sex life with other officers while plaintiff was present which caused plaintiff to cry on many occasions. This conduct continued through the latter part of 2003.

17.     In or around April 2003, plaintiff introduced her sister to defendant JOHN DORST and when she left, he stated to plaintiff "You introduced me to your sister because you want me to hit it?"  Plaintiff responded "You are a sick man."

18.     In or around August 2003, while in a Department vehicle Police Officer Anson asked plaintiff if he could buy her old cellular telephone and the plaintiff replied "He could have it for free."  Defendant JOHN DORST then blurted out "She gave it for free to at least five (5) people in the command for free. Why wouldn't she give it to you?"  Plaintiff began to cry. Defendant JOHN DORST said "It was a joke."  Upon information and belief, plaintiff believes defendant JOHN DORST was referring to her sex life. Defendant JOHN DORST, Police Officers Anson, Camra and Pelliccia began to laugh at plaintiff.

19.     In or around August 2003, defendant JOHN DORST told Police Officer Miller that plaintiff is emotionally unstable which caused the plaintiff to become very upset.

20.    In or around August 2003, when plaintiff purchased her cooperative apartment, the defendant told plaintiff "Don't bring black people into this neighborhood."

21.    On or about September 6, 2003, defendant JOHN DORST left a message on plaintiff's cellular telephone stating "When you are finished fucking T (referring to Police Officer Taiwo Miller—African American male) and when you roll over from him, you have to go to a Detail tomorrow." Plaintiff confronted defendant JOHN DORST and told him to stop his conduct towards her otherwise she will go to EEO. Defendant JOHN DORST responded "This doesn't count because you was off that day."

22.    On or about September 10, 2003, while on patrol in and around Baisley Park, defendant told plaintiff "She will never work with Police Officer Miller again." Police Officers Miller, Giambrone and Pelliccia were present.

23.    On or about September 12, 2003, defendant JOHN DORST told Police Officers Miller and Pelliccia that he will put the plaintiff is a POTENTIAL EEO COMPLAINANT on her Annual Performance Evaluation.

24.    On or about September 21, 2003, after some convincing by Lieutenant Scanlon, plaintiff reluctantly reported defendant JOHN DORST to defendant NYPD's Office of Equal Employment Opportunity (hereinafter referred to as "EEO"). A representative of EEO assured plaintiff that defendant JOHN DORST would be transferred out of the 113th Precinct. To this day, defendant JOHN DORST is still assigned to the 113th Precinct and intimidates plaintiff every tour she works. Upon information and belief, defendant has not been transferred because he is the Queens South Director for the Sergeants Benevolent Association and is receiving favorable treatment by the management of defendant NYPD. The EEO complaint is being carried by defendant NYPD as Serial No.: 287s03.

6

25.     On or about January 8, 2004, EEO sent a letter to plaintiff outlining the results of their investigation: the allegation that defendant JOHN DORST created a hostile work environment by making numerous sexually inappropriate statements to plaintiff as determined to be SUBSTANTIATED; the allegation that defendant JOHN DORST made requests to plaintiff for sexual favors was determined to be SUBSTANTIATED; the allegation that defendant JOHN DORST repeatedly touched plaintiff's leg in an inappropriate manner was determined to be SUBSTANTIATED; and the allegation that defendant JOHN DORST threatened retaliatory action in that he was going to rate plaintiff as a below standard performer and potential EEO complainant on plaintiff's evaluation was determined to be UNSUBSTANTIATED.

26.     On or about April 10, 2004, while assigned to a Detail where defendant JOHN DORST was plaintiff's immediate supervisor, she felt uncomfortable working under him because of his past conduct as well as his continuing behavior.

27.     On or about May 11, 2004, plaintiff through Jeffrey L. Goldberg, P.C., sent a letter to EEO which in sum and substance complains that the EEO process does not work. In that, defendant JOHN DORST is still assigned to the 113th Precinct and interacts with the plaintiff causing her to feel uneasy and such inaction will have a chilling effect on other similarly situated members of the service who will not want to come forward and complain about inappropriate conduct.

28.     On or about May 14, 2004, EEO responds to the letter by affirmative stating "the Commanding Officer took prompt and appropriate action to ensure that the incident will not be repeated, and that the two will not work in the same assignments except in the event of exigent circumstances."

29.     In or around June 2004, plaintiff did observe defendant JOHN DORST talking with

7

a man in a suit behind the 113th Precinct Desk. The man told him that "You have nothing to worry about everything will be okay." When plaintiff approached the Desk area they both stopped talking. Their actions made plaintiff fell uncomfortable and plaintiff believes they were discussing her EEO complaint against the defendant.

30.     On or about August 29 to September 2, 2004, plaintiff was assigned to the Republican National Convention and was the only member of her squad to be assigned there. Upon information and belief, there were other eligible police officers with less seniority that was not assigned to the convention. Plaintiff believes this was done as a punishment for filing an EEO complaint against defendant JOHN DORST.

31.     On or about October 8, 2004, defendant JOHN DORST conducted Roll Call while plaintiff was present and made her fell intimidated.

32.     On or about October 12, 2004, plaintiff through Jeffrey L. Goldberg, P.C., advised defendant GEORGE A. GRASSO and Trial Commissioner Simon Gourdine that plaintiff has retained this firm and would like the firm to be notified of any and all developments regarding the disciplinary case against defendant JOHN DORST. This included any comments from the plaintiff if he is convicted. To this day neither defendant GEORGE A. GRASSO nor Trial Commissioner Gourdine has notified the firm of any developments in defendant JOHN DORST's disciplinary case.

33.     Over the course of April 2001 until Late 2003, while working 1735 x 0205 hours tours in the 113th Precinct, defendant JOHN DORST would ask plaintiff "When you get off at 0205, meet me in the parking lot so you can give me a 'blow job'." As a result of plaintiff filing an EEO complaint against defendant JOHN DORST, this whole process has convinced plaintiff it does not work. Although EEO has sustained a number of charges against him, nothing has changed.

Plaintiff hates to go to work and the defendant continues to talk to the plaintiff and even offers to share his food with her. Plaintiff feels intimidated by the defendant and this has caused her a lot of stress. Additionally, plaintiff is being treated differently than the other police officers and the supervisors do not talk to her. Defendant JOHN DORST walks around the 113th Precinct with a big smile which adds more stress to the plaintiff. She continues to see him everyday she when goes to work.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### GENDER BIAS and SEXUAL HARASSMENT
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e-2

34.     Plaintiff re-alleges paragraphs 1 through 33 and incorporates them by reference as paragraphs 1 through 33 of Count 1 of this Complaint.

35.     Plaintiff allege that defendant NYPD, thorough its agents defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE; EDWARD MULLINS; JOHN E. ESSIG and JOHN DORST engaged in patterns and practices of discrimination against her with respect to the terms, conditions and privileges of employment because of plaintiff's gender, in violation of 42 U.S.C. § 2000e-2.

36.     As part of its pattern and practice of employment discrimination, defendant NYPD, through its agents defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE; EDWARD MULLINS; JOHN E. ESSIG and JOHN DORST

(a)     Subjected plaintiff to repeated situations involving gender bias, sexual harassment and retaliation.

37.     These unwanted and unwelcome attacks by defendant JOHN DORST were

9

directed primarily at the plaintiff, and other similarly situated female police officers at the 113th Precinct.

38.     Rejection of these attacks by defendant JOHN DORST by plaintiff, was used as the basis for some employment decisions affecting plaintiff's employment opportunities such as salary, grade, appointments, promotions, job evaluations, and other terms and conditions of employment.

39.     These attacks by defendant JOHN DORST had the effect of substantially interfering with plaintiff's work performance by creating a hostile, intimidating and offensive work environment.

40.     Defendant NYPD knew or should have known about defendant JOHN DORST's gender bias, sexual harassment and retaliation in the workplace because at least one prior complaint alleging such conduct had been filed with EEO, on or about September 21, 2003, by plaintiff.

41.     Defendant NYPD, through its agents defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE; EDWARD MULLINS; and JOHN E. ESSIG failed and refused to take appropriate corrective action to end the hostile, intimidating and discriminatory conditions at the 113th Precinct, or to prevent retaliation against plaintiff when plaintiff specifically notified EEO of the intolerable conditions of gender bias and sexual harassment at the 113th Precinct, on or about September 21, 2003. Such unit promised confidentiality pending an in-house review of the allegations, but breached the promises as soon as they were uttered, in a clear demonstration of bad faith.

## COUNT II
## RETALIATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e-3

10

42.     Plaintiff re-alleges paragraphs 1 through 41 and incorporates them by reference as paragraphs 1 through 41 of Count II of this Complaint.

43.     Plaintiff allege that defendant NYPD engaged in various retaliatory actions through its agents defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE; EDWARD MULLINS; JOHN E. ESSIG and JOHN DORST against her as a result of her opposition to gender bias, sexual harassment and retaliation at the 113th Precinct and as a result of her filing complaints of employment discrimination with EEO, in violation of 42 U.S.C. § 2000e-3(a).

44.     That as a result of the illegal acts of the defendant NYPD and it agents defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE; EDWARD MULLINS; JOHN E. ESSIG and JOHN DORST plaintiff suffered depression and anxiety and continues to dread showing up to work.

## COUNT III
## GENDER BIAS and SEXUAL HARASSMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981 AND THE FIRST, FOURTH, FIFTH, NINTH, THIRTEENTH AND FOURTEENTH AMENDMENDS TO THE UNITED STATES CONSTITUTION

45.     Plaintiff re-alleges paragraphs 1 through 44 and incorporates them by reference as paragraphs 1 through 44 of Count III of this Complaint.

46.     That by the aforesaid discriminatory acts and omissions of defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE; EDWARD MULLINS; JOHN E. ESSIG and JOHN DORST acting individually and acting in their capacities as supervisory and/or administrative officials of defendant NYPD interfered with plaintiff's right to enforce contracts under the color of State Law.

47.     That the purpose of the defendants RAYMOND W. KELLY; GEORGE A.

11

GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE; EDWARD MULLINS; JOHN E.

ESSIG and JOHN DORST in so acting was to prevent plaintiff, through economic and

psychological intimidation, from seeking the equal protection of the laws, and from enjoying the

equal privileges and immunities of citizens under the Constitution and laws of the United States

and the State of New York including but not limited to enjoy her right to freedom of speech,

movement, association and assembly, to petition her government for redress of her grievances, to

be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, and

deprivation of life, liberty, and property without due process of law; all in violation of the first,

fourth, fifth, ninth, thirteenth and fourteenth amendments to the United States Constitution.

48.     Pursuant to their conduct, the defendants acted to deprive the plaintiff of her civil

rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in

violation of 42 U.S.C. § 1981.

49.     As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff

suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages, in addition to deprivation of her civil rights.

## COUNT IV
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981 AND THE FIRST, FOURTH, FIFTH, NINTH, THIRTEENTH AND FOURTEENTH AMENDMENDS TO THE UNITED STATES CONSTITUTION

50.     Plaintiff re-alleges paragraphs 1 through 49 and incorporates them by reference as

paragraphs 1 through 49 of Count IV of this Complaint.

51.     That by the aforesaid discriminatory acts and omissions of defendants

RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE;

EDWARD MULLINS; JOHN E. ESSIG and JOHN DORST acting individually and acting in

their capacities as supervisory and/or administrative officials of defendant NYPD interfered with plaintiff's right to enforce contracts under the color of State Law.

52.     That the purpose of the defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE; EDWARD MULLINS; JOHN E. ESSIG and JOHN DORST in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy her right to freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due process of law; all in violation of the first, fourth, fifth, ninth, thirteenth and fourteenth amendments to the United States Constitution.

53.     Pursuant to their conduct, the defendants acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

54.     As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages, in addition to deprivation of her civil rights

## COUNT V
## CONSPIRACY
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

55.     Plaintiff re-alleges paragraphs 1 through 54 and incorporates them by reference as paragraphs 1 through 54 of Count V of this Complaint.

56.     Defendant JOHN DORST, under color of law, conspired with other employees

13

and/or agents of defendant NYPD to deprive plaintiff of her constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

57.     Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE; EDWARD MULLINS; and JOHN E. ESSIG, acting individually and in their official capacities as supervisory and/or administrative officers of defendant NYPD, under color of state law, and having been fully advised from April 2001 until present time, that plaintiff and other female officers were being deprived of their constitutional rights, either acted in a concerted, malicious intentional pattern to retaliate against plaintiff, or knowing such retaliation was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law; all in violation of the Constitution and laws of the United States and of 42 U.S.C. § 1983.

58.     The defendant, JOHN DORST, in acting to deprive plaintiff of her rights, went far beyond actions reasonably necessary for the discharge of his duties and within the scope of his employment, and instead misused his official powers and acted from a willful and malicious intent to deprive plaintiff of her civil rights and cause her grievous thereby.

59.     Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE; EDWARD MULLINS; and JOHN E. ESSIG, in acting to

14

deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights, in ratifying and condoning the oppressive acts of JOHN DORST, in depriving plaintiff's rights.

60.     Defendants acted in an outrageous and systematic pattern of harassment, oppression, intimidation, bad faith, employment discrimination, cover-up and retaliation directed at plaintiff and continuing from on or about April 2001 until this present day.

61.     As a result of the acts of the defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, loss of employment, employment income, employment benefits, pension rights, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT VI**
**CONSPIRACY**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985(3) AND THE FIRST, FOURTH,**
**FIFTH, NINTH, THIRTEENTH AND FOURTEENTH AMENDMENDS TO THE**
**UNITED STATES CONSTITUTION**

62.     Plaintiff re-alleges paragraphs 1 through 61 and incorporates them by reference as paragraphs 1 through 61 of Count VI of this Complaint.

63.     That by the aforesaid discriminatory and retaliatory acts and omissions of the defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE; EDWARD MULLINS; and JOHN E. ESSIG acting individually and acting in their capacities as supervisory and/or administrative officials of defendant NYPD, conspired, planned, agreed and intended to harass, intimidate and cause economic and psychological injury to plaintiff.

64.     That the purpose of defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE; EDWARD MULLINS; and JOHN E. ESSIG in so

15

acting was to prevent plaintiff, through economic and psychological violence and intimidation, from seeking the equal protection of the laws, and form enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy her right to freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law; all in violation of the first, fourth, fifth, ninth, thirteenth and fourteenth amendments to the United States Constitution.

65.     Pursuant to their conspiracy, defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE; EDWARD MULLINS; and JOHN E. ESSIG acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, retaliation, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1985 (3).

66.     As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, physical illness, loss of employment, and other monetary damages, in addition to deprivation of her civil rights.

## COUNT VII
## GENDER BIAS and SEXUAL HARASSMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

67.     Plaintiff re-alleges paragraphs 1 through 66 and incorporates them by reference as paragraphs 1 through 66 of Count VII of this Complaint.

68.     The New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex, color or national origin. The law also makes it unlawful to create an atmosphere

16

where it is abusive and hostile, such that the conditions of employment are altered. The same

legal standards that apply to Title VII claims apply to claims brought under this law.

## COUNT VIII
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

69.     Plaintiff re-alleges paragraphs 1 through 68 and incorporates them by reference as

paragraphs 1 through 68 of Count VIII of this Complaint.

70.     The New York State Executive Law § 296 et seq., makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment on the

basis of sex, color or national origin. The law also makes it unlawful to create an atmosphere

where it is abusive and hostile, such that the conditions of employment are altered. The same

legal standards that apply to Title VII claims apply to claims brought under this law.

## COUNT IX
## GENDER BIAS and SEXUAL HARASSMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE §§ 8-107 AND 8-502

71.     Plaintiff re-alleges paragraphs 1 through 70 and incorporates them by reference as

paragraphs 1 through 70 of Count IX of this Complaint.

72.     New York City Administrative Code §§ 8-107 and 8-502, makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment on the

basis of sex, color or national origin. The law also makes it unlawful to create an atmosphere

where it is abusive and hostile, such that the conditions of employment are altered. The same

legal standards that apply to Title VII claims apply to claims brought under New York City

Administrative Code §§ 8-107 and 8-502.

## COUNT X
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE §§ 8-107 AND 8-502

73.     Plaintiff re-alleges paragraphs 1 through 72 and incorporates them by reference as paragraphs 1 through 72 of Count X of this Complaint.

74.     New York City Administrative Code §§ 8-107 and 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex, color or national origin.  The law also makes it unlawful to create an atmosphere where it is abusive and hostile, such that the conditions of employment are altered.  The same legal standards that apply to Title VII claims apply to claims brought under New York City Administrative Code §§ 8-107 and 8-502.

## COUNT XI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND
## INTENTIONAL INTERFERENCE WITH EMPLOYMENT CONTRACT
## UNDER NEW YORK STATE COMMON LAW

75.     Plaintiff re-alleges paragraphs 1 through 74 and incorporates them by reference as paragraphs 1 through 74 of Count XI of this Compliant.

76.     Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE; EDWARD MULLINS; JOHN E. ESSIG and JOHN DORST, intentionally inflicted the aforesaid acts of gender bias, sexual harassment and retaliation on plaintiff, with malice, and without legal, economic, business or social justification or excuse, and did so for the sole purpose of causing her emotional distress and anguish.

77.     As a result of the aforesaid intentional acts of defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE; EDWARD MULLINS; JOHN E. ESSIG and JOHN DORST, the plaintiff has been irreparably damaged.

78.    That because of the willful and malicious acts of the defendants RAYMOND W.

KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE; EDWARD

MULLINS; JOHN E. ESSIG and JOHN DORST, in gross disregard of the civil rights and well-

being of the plaintiff, plaintiff is entitled to punitive and exemplary damages.

## JURY TRIAL

79.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully requests that this Court find in her favor and against the

Defendants as follows:

a.    Declare that the acts and conduct of defendants CITY; NYPD; RAYMOND W.

KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; THOMAS V. DALE; EDWARD

MULLINS; JOHN E. ESSIG and JOHN DORST, violated Title VII of the Civil Rights Acts of

1964; the Civil Rights Act of 1866; the Civil Rights Act of 1871; the first, fourth, fifth, ninth,

thirteenth and fourteenth amendments to the United States Constitution; New York Executive

Law § 296; New York City Administrative Code §§ 8-107 and 8-502; and Intentional Infliction

of Emotional Distress and Intentional Interference with Employment Contract Under New York

State Common Law;

b.    Award plaintiff damages for the injuries she sustained as a consequence of

participating in the investigation and proceedings of the aforementioned allegations that violated

her civil rights;

c.    Award plaintiff damages for the full value of all compensation and benefits lost

past and future, as a result of the defendants' unlawful conduct;

d.    Award plaintiff compensatory damages consistent with the aforementioned

statues;

    e.    Award plaintiff punitive damages consistent with the aforementioned statutes;

    f.    Award plaintiff appropriate compensatory and punitive damages on her individual

torts;

    g.    Award plaintiff prejudgment interest;

    h.    Award plaintiff reasonable attorney's fees consistent with the aforementioned

statues; and

    i.    Award plaintiff such other relief as this Court deems proper.

Dated:    Lake Success, NY
           April 18, 2005

                             Respectfully submitted,

                             By: _____
                               Eric Sanders (ES0224)

                           Jeffrey L. Goldberg, P.C.
                           Attorneys for Plaintiff
                           2001 Marcus Avenue, Suite S10
                           Lake Success, NY 11042
                           516-775-9400