UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANETA KWIATKOWSKI,

                              Plaintiff,                   **ORDER**

   - v -

                                                             CV-05-1893 (ERK)(VVP)

CITY OF NEW YORK, et al.,

                              Defendants.
------------------------------------------------------------x

      By letter dated December 30, 2005, the plaintiff seeks a premotion conference with the court pursuant to Federal Rule of Civil Procedure 37.3(a) in order to make a formal motion. The City defendants have submitted a letter in response dated January 5, 2005, and seeks a protective order to permit the disclosure of a number of documents they believe qualify for confidentiality protection. The plaintiff has responded to the City's application by letter dated January 6, 2006. The defendant Dorst has not submitted a response to any of the letters.

      As there is no Federal Rule of Civil Procedure 37.3(a), the court presumes that the plaintiff's counsel is referring to Local Civil Rule 37.3(a) of this court. That provision does not concern premotion conferences with the court, however. Rather, it provides, "*Prior* to seeking judicial resolution of a discovery . . . dispute, the *attorneys* for the affected parties . . . shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute." Loc. Civ. R. 37.3(a) (emphasis added). Once such an attempt is made, counsel may make a motion informally by letter describing the issues in dispute, and the relief requested. Opposing counsel may submit a response, also by letter. Replies are not permitted without leave of the court. Where the dispute concerns the sufficiency of responses to requests for written discovery, the party seeking judicial intervention should annex copies of the requests at issue, and the

written responses thereto. Upon consideration of the submissions, the court may either make rulings or request further argument in person or by letter.

Here, because the plaintiff sought a premotion conference with the court, it is not clear whether the plaintiff has attempted to resolve the disputed issues with opposing counsel in person or by telephone. Moreover, it is not clear whether the defendants believed they had to respond to the issues raised in the letter since they might well have presumed they would be given such an opportunity either at the conference requested with the court or in the course of the formal motion contemplated by the plaintiff. As to the City defendant's proposed protective order, however, it appears from the plaintiff's letter in response that discussion of that issue has occurred among counsel, albeit without success.

Thus, as to the issues raised by the plaintiff in her December 30, 2005 letter, the application is denied, without prejudice to renewal upon compliance with Local Civil Rule 37.3(a) and the procedures outlined above. Should the application be renewed, opposing counsel for the City defendants and for the defendant Dorst are required to submit a response within three business days. <u>No formal motion should be made at this time</u>.

As to the City defendants' request for a protective order, the plaintiff's opposition inappropriately rests on *King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988). That case addressed whether police department defendants could assert privileges to prevent entirely the discovery of police records. In rejecting the assertions of privilege, and requiring the disclosure of such records, however, the court specifically recognized that steps ordinarily should be taken to protect the privacy and other confidentiality interests of those who might be affected by the disclosures. Thus, in concluding his opinion, Judge Weinstein observed,

> The parties are expected to cooperate in agreeing to redact names and addresses

where revelation may interfere with privacy without substantial advantage to the plaintiff. They are also expected to stipulate with respect to appropriate protective orders limiting revelation to counsel or counsel and client.

*Id.* at 189.

In view of the specific endorsement of protective orders by this court in *King*, the protective order requested by the City appears to be appropriate in that it protects the privacy and confidentiality expectations of various individuals. Accordingly, the Protective Order is hereby entered. The following provision, however, is deemed to be incorporated in the Protective Order as if it were written therein:

> Notwithstanding anything to the contrary in this Protective Order, confidential materials may be disclosed to a witness at a duly noticed deposition without meeting the requirements of paragraph 3, provided, however, that whenever such disclosure occurs during a deposition, the defendants' counsel may immediately interrupt the deposition to advise the witness on the record that the confidential materials being disclosed are subject to this Protective Order and that the witness is therefore bound not to disclose the confidential materials to anyone under penalty of contempt of court.

SO ORDERED:

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
        January 11, 2006